UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OSVALDO AMARO, | ) | Case No.  20-80051 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

**NOTICE OF UNITED STATES TRUSTEE'S
MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(2)**

PLEASE TAKE NOTICE that on May 27, 2020, at 11:00 a.m., I will appear before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place, and present the United States Trustee's motion to dismiss this case pursuant to 11 U.S.C. § 707(b)(2), a copy of which is attached.

**This motion will be presented and heard telephonically.**  No personal appearance in court is necessary or permitted.  To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC.  You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: May 18, 2020                                                     Respectfully submitted,

PATRICK S. LAYNG
United States Trustee

By:     */s/ Brian P. Thill*
BRIAN P. THILL
Attorney for the United States Trustee

1

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715
(608) 264-5522, extension 5646
Brian.P.Thill@usdoj.gov

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OSVALDO AMARO, | ) | Case No. 20-80051 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

**UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(2)**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois, Western Division, by his attorney, Brian P. Thill, moves to dismiss this case pursuant to 11 U.S.C. § 707(b)(2), because a presumption of abuse arises from the income and expenses of the Debtor, Osvaldo Amaro ("Debtor"), and cannot be rebutted. In support of his motion, the United States Trustee states:

**SUMMARY OF ARGUMENT**

The debtor, Osvaldo Amaro ("Debtor"), should not receive a chapter 7 discharge. The Debtor originally filed this matter under chapter 13 of the Bankruptcy Code. Although the Debtor converted his case to chapter 7 only a month-and-a-half after its filing, the Debtor's income remains above-median after conversion, and the presumption of abuse under 11 U.S.C. § 707(b)(2) still arises.

The Debtor has filed several means tests in this matter. With each of those filings, the Debtor attempts to recalculate and recharacterize his income and expenses. However, the Debtor's calculations remain incorrect. The Debtor regularly and substantially understates his income and attempts to claim expenses which are not permitted. Those expenses—including but not limited to legal fees to pay for the Debtor's divorce and defend a small claims action against his former girlfriend, as well as repairs to the Debtor's Hummer—do not constitute "special circumstances" as contemplated by applicable bankruptcy law.

1

To the extent the Debtor no longer finds chapter 13 suitable for his needs, the Debtor's instant bankruptcy case should be dismissed.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Local Rule 40.3.1(a) of the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 157(a).

2. This motion to dismiss is a core matter as defined by 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court as provided in 28 U.S.C. § 1409.

4. The United States Trustee consents to entry of final orders and judgments in this proceeding by the Bankruptcy Court.

## 11 U.S.C. § 707(b)(2) STANDARDS

5. "Under Section 707(b)(2), abuse shall be presumed if the debtor's 'current monthly income' minus allowable expenses times 60 is greater or equal to $12,850 or is greater or equal to the greater of $7,475 or 25% of the debtor's nonpriority unsecured claims." *In re Plichta*, 589 B.R. 794 (Bankr. N.D. Ill. 2018).

6. For the purposes of this motion, "current monthly income" is the average monthly income from all sources received by the debtor during the 6-month period ending on "the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii)." 11 U.S.C. § 707(b)(2)(A)(i).

7. "[T]he presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." 11 U.S.C. § 707(b)(2)(B)(i).

8. When attempting to claim special circumstances, a debtor must "provide—(I) documentation for such expense or adjustment to income; and (II) a detailed explanation of the special

2

circumstances that make such expenses or adjustment to income necessary and reasonable." 11 U.S.C. § 707(b)(2)(B)(ii)-(iii).

## FACTS

*The Debtor's Bankruptcy Filing*

9. The Debtor filed a voluntary chapter 13 petition on January 13, 2020 (Dkt. 1).

10. The Debtor's response to question 16 on the petition indicates that his debts are primarily consumer (*see id.* at 6).

11. The Debtor's remaining filings support the conclusion that the Debtor in fact has primarily consumer debts (*see id.* at 18-25; Dkt. 29 at 10-19; Dkt. 48 at 10-19).

12. The United States Trustee agrees that the Debtor's debts are primarily consumer in nature.

*Problems with the Debtor's Chapter 13*

13. The Debtor experienced substantial obstacles while attempting to reach plan confirmation.

14. Both the Chapter 13 Standing Trustee and Dr. Carolyn Bailey, a creditor, objected to the Debtor's chapter 13 plan (Dkt. 24 & 26).

15. The Debtor and his counsel were thus forced to file numerous amendments during the Debtor's short-lived chapter 13 case, including:

 a. Amended Rule 2016(b) disclosure (Dkt. 12),

 b. Amended schedules E/F (Dkt. 22),

 c. Amended schedules A/B, C, D, E/F, I, and J (Dkt. 29),

 d. Amended statement of financial affairs (Dkt. 31),

 e. Amended chapter 13 statement of current monthly income, Form 122C-1 (Dkt. 32), and

3

  f.  Amended chapter 13 calculation of disposable income, Form 122C-2 (Dkt. 33).

*The Debtor Converts to Chapter 7*

16.  The Debtor filed a notice of voluntary conversion to chapter 7 on February 28, 2020 (Dkt. 34).

17.  The Debtor's chapter 7 section 341 meeting of creditors was held on April 7, 2020 ("Creditor Meeting") (Dkt. 42).

18.  The Creditor Meeting was conducted by Trustee Bernard Natale and attended by the Debtor, Debtor's counsel, counsel for creditor Dr. Carolyn Bailey, and counsel for the United States Trustee.

19.  The Debtor testified at the chapter 7 Creditor Meeting that no further changes or corrections were necessary to make the Debtor's bankruptcy filings more accurate.

20.  Following the chapter 7 Creditor Meeting, the Debtor filed the following additional documents:

  a.  Amended schedules A/B, C, D, E/F, and G (Dkt. 48), and

  b.  A chapter 7 statement of currently monthly income marked "Amended" Form 122A-1 (Dkt. 53).

17.  Following the chapter 7 Creditor Meeting, the Debtor filed for the first time—nearly three months into his bankruptcy case—a Domestic Support Obligation Disclosure Form (Dkt. 48 at 29).

*The Debtor's Testimony at his Chapter 7 Creditor Meeting*

18.  The Debtor testified at his chapter 7 Creditor Meeting that he also operates a recording studio at his place of residence.

19.  The name of the Debtor's recording studio is Soundhammer Studios ("Soundhammer") (*see, e.g.*, http://www.soundhammerstudio.com/Home/About (last visited May 18,

4

2020)).

20. Soundhammer is not incorporated or a registered business entity in any state. Soundhammer is, and has at all times been, the Debtor's sole proprietorship (*see id.*).

21. Soundhammer records music, television, and other types of audio and media (*see id.*).

22. The Debtor testified at his chapter 7 Creditor Meeting that Soundhammer received income from five or six engagements during calendar year 2019.

23. For example, and upon information and belief, Soundhammer hosted one or more recording sessions with bands named:

    a. Soapstone between May and August of 2019, and

    b. Midnight Rider in October of 2019.

24. Upon information and belief, each of the preceding recording engagements occurred at least in part within the Debtor's current monthly income lookback period.

### The Debtor's Means Tests Filings

25. The Debtor filed a series of three means tests in this case over a span of only three months (Dkt. 2, 3, 32, 33 & 53).

26. By way of illustration, the Debtor's various means tests may be compared as follows:

| Description | Dkt. 2 filed 1/13/20 | Dkt. 32 filed 2/28/20 | Dkt. 53 filed 4/14/20 |
|---|---|---|---|
| **Income:** | | | |
| Gross wages, salary, tips, bonuses, overtime, and commissions (before payroll taxes) | 9,526 | 8,600 | 8,820 |
| | | | |
| **Expenses:** | | | |
| Local standards: housing and utilities— mortgage or rent expense | 1,109 | 1,109 | 1,200 |
| Claims the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses (Debtor "Pays Rent and Cam Charges on Top of Rent") | 0 | 200 | 200 |
| Other necessary expenses: taxes | 1,500 | 2,600 | 2,700 |

| | | | |
|---|---|---|---|
| Other necessary expenses: life insurance (Line 18) | 0 | 0 | 15 |
| Other necessary expenses: court-ordered payments (Line 19) | 1,416 | 1,416 | 1,200 |
| Other necessary expenses: additional health care expenses (Line 22) | 0 | 45 | 45 |
| Other necessary expenses: optional telephone services (Line 23) | 0 | 250 | 430 |
| Additional expense deductions: health insurance (Line 25) | 312 | 317 | 310 |
| Additional expense deductions: additional food and clothing expense | 24 | 24 | 24 |
| Deductions for debt payment: priority claims ($1,200/60) | 0 | 0 | 20 |

(*see id.*).

27.    All of the Debtor's bankruptcy filings claim a household size of one (*see* Dkt. 1 at 28-31; Dkt. 2 at 4; Dkt. 3 at 1; Dkt. 29 at 20-23; Dkt. 32 at 5; Dkt. 33 at 1; Dkt. 53 at 1).

28.    The median family income for a household of one in Illinois is $53,900 (*see* https://www.justice.gov/ust/eo/bapcpa/20191101/bci_data/median_income_table.htm (last visited May 18, 2020)).

29.    The United States Trustee therefore believes that the Debtor concedes his income is above-median.

30.    None of the means test forms filed by the Debtor include any income from the Debtor's recording studio operations (*see id.*).

31.    Question 43 of the Debtor's most recently filed chapter 7 Form 122A-1 also attempts to claim, among other things, the following "special circumstances" expenses:

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| EST ATTY' FEES FOR DIVORCE CASE | $ 600.00 |
| ATTY'S FEES CAROLYN BAILEY CIVIL CASE | $ 100.00 |
| REPAIRS TO 2006 HUMMER OR REPLACEMENT | $ 200.00 |
| | $ |

(Dkt. 53 at 12).

6

## ARGUMENT

A. <u>The Debtor earns substantially more than his bankruptcy filings report.</u>

32. Contrary to all of the means tests filed by the Debtor, the Debtor's average monthly gross income from wages for the period from July 1, 2019, through December 31, 2019, was exactly or approximately $9,331.67.

33. The Debtor's monthly income over the applicable lookback period is itemized as follows:

| Date | Amount ($) |
|---|---|
| July 5, 2019 | 2,200[1] |
| July 12, 2019 | 1,760 |
| July 19, 2019 | 2,200 |
| July 26, 2019 | 2,200 |
| August 2, 2019 | 2,200 |
| August 9, 2019 | 2,200 |
| August 16, 2019 | 2,200 |
| August 23, 2019 | 2,200 |
| August 30, 2019 | 2,200 |
| September 6, 2019 | 2,200 |
| September 13, 2019 | 2,035 |
| September 20, 2019 | 2,035 |
| September 27, 2019 | 2,200 |
| October 4, 2019 | 2,200 |
| October 11, 2019 | 2,200 |
| October 18, 2019 | 2,200 |
| October 25, 2019 | 2,200 |
| November 1, 2019 | 2,200 |
| November 8, 2019 | 2,200 |
| November 15, 2019 | 2,200 |
| November 22, 2019 | 2,200 |
| November 29, 2019 | 2,200 |
| December 6, 2019 | 1,760 |
| December 13, 2019 | 2,200 |
| December 20, 2019 | 2,200 |
| December 27, 2019 | 2,200 |
| | |
| TOTAL | 55,990 |

---

[1] The United States Trustee has requested the Debtor's first July pay advice several times and has not received a copy as of the time of the filing of this motion. The United States Trustee assumes for the purposes of this motion that the Debtor earned his standard pay amount during this period.

34. Upon information and belief, the Debtor also received hundreds or even thousands of dollars during the six-month lookback period from his Soundhammer operations, none of which he included on any of his means tests.

B. <u>The additional expense items claimed by the Debtor on his chapter 7 Form 122A-1 do not constitute "special circumstances."</u>

35. The "special circumstances" exception "does not permit every conceivable unfortunate or 'unfair' circumstance to rebut the presumption of abuse, but includes only those circumstances that cause higher household expenses or adjustments of income for which there is no reasonable alternative, i.e., they are unforeseeable or beyond the control of the debtor. *In re Lightsey*, 374 B.R. 377, 381-82 (Bankr. S.D.Ga.2007) (second set of quotations, footnotes, and citations omitted).

36. The special circumstances exception "must be strictly construed." *In re Sparks,* 360 B.R. 224, 230 (Bankr. E.D. Tex. 2006).

37. Stated differently,

> . . . Under the statutory interpretation canon of *ejusdem generis,* a court is to limit the sphere of permissible "special circumstance" to ones having such similar traits and characteristics. This interpretive doctrine, meaning literally "of the same kind," holds that a court is to interpret legislatively provided examples of a specific nature as typical of the general category covered. *U.S. v. Parson*, 955 F.2d 858, 869 fn. 15 (3rd Cir. 1992).
>
> The common traits given in the examples provided by [Section 707(b)(2)(B)(i)], however, simply do not match what the Debtors seek to do.

*In re Castle*, 362 B.R. 846, 851 (N.D. Ohio 2006).

38. The Debtor's divorce and small claims legal fees do not constitute special circumstances.

39. In this case, the Debtor voluntarily elects to drive a 2008[2] Hummer with approximately

---

[2] Upon information and belief, the Debtor actually owns a 2006 Hummer (*see* Commerce Bank's Claim 3 at 5 & 7).

200,000 miles (*see* Dkt. 48 at 1) so that he can more conveniently transport his music equipment.

40.    Upon information and belief, the Debtor works substantially from home and owns at least one other vehicle (*see* Dkt. 48 at 1-2).

41.    The Debtor's repair or anticipated Hummer repair expenses are both unnecessary and excessive.  *See, e.g.*, *In re Konowicz*, 470 B.R. 725 (Bankr. D.N.J. 2012) (citing lack of special circumstances for debtor making unnecessary and excessive mortgage payment).

42.    Nor are the Debtor's anticipated Hummer repair expenses completely unforeseen or outside of the Debtor's control.

43.    The Debtor voluntarily commenced his divorce action more than a year prior to the filing of his chapter 13 bankruptcy petition.

44.    While perhaps important to the Debtor, the Debtor's legal divorce fees are not "necessary," in the manner that treating a serious medical condition or being called to active military service is necessary.  *See* 11 U.S.C. § 707(b)(2)(B)(i) (specifically listing by way of example, "a serious medical condition or a call or order to active duty in the Armed Forces"); *see also, e.g.*, *In re Fechter*, 456 B.R. 65 (Bankr. D. Mont. 2011) (holding that chapter 7 debtors' voluntary retirement contributions were not "necessary expenses").

45.    Nor are the Debtor's claimed divorce legal fees a permanent expense.  The Debtor's divorce action was filed in August of 2018, and the Debtor has no dependents.  Just as a debtor's singular 401(k) account withdrawal during the six-month look-back period may generally constitute a temporary or "one-time event," so does the Debtor's divorce filing.  *See, e.g.*, *In re Cribbs*, 387 B.R. 324 (Bankr. S.D. Ga. 2008).

46.    To the extent Dr. Carolyn Bailey wishes to pursue her claimed property rights further, the merits of her small claims replevin action must now be determined by adversary in the Debtor's bankruptcy case (*see* Dkt. 67 (overruling without prejudice creditor's objection to Debtor's

9

exemptions)). *See also* Fed. R. Bankr. P. 7001(2) (requiring the filing of an adversary proceeding to determine a debtor's property rights).

47. Each of the "special circumstances" expenses claimed by the Debtor on his chapter 7 Form 122A-1 must be disallowed.

48. In the alternative, to the extent one or more of the additional expense items claimed by the Debtor constitute a special circumstance, the United States Trustee requests an evidentiary hearing requiring the Debtor to document such expenses.

C. A reconciliation of the Debtor's actual income and allowed budget items reveal the Debtor has substantial monthly excess income.

49. The differences between the United States Trustee's and Debtor's most recent chapter 7 means test calculations on Form 122A-1 are as follows:

| Description | Debtor | U.S. Trustee | +/- |
|---|---|---|---|
| Income: | | | |
| Gross wages, salary, tips, bonuses, overtime, and commissions (before payroll taxes) | 8,820 | 9,331.67 | 511.67 |
| | | | |
| Expenses: | | | |
| Local Standards: housing and utilities—mortgage or rent expense | 1,200 | 1,109 | (91) |
| Claims the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses (Debtor "Pays Rent and Cam Charges on Top of Rent") | 200 | 129 | (71) |
| Other necessary expenses: taxes | 2,700 | 2,286.62 | (413.38) |
| Other necessary expenses: additional health care expenses (Line 22) | 45 | 0 | (45) |
| Other necessary expenses: optional telephone services (Line 23) | 430 | 0 | (430) |
| Additional expense deductions: health insurance (Line 25) | 310 | 315 | 5 |
| Additional expense deductions: additional food and clothing expense | 24 | 0 | (24) |
| Deductions for debt payment: priority claims ($1,200/60) | 20 | 0 | (20) |
| TOTAL | | | 1,600.95 |

50. Without waiving the right to object to any item, the differences between the United

10

States Trustee's initial calculations and Debtor's Schedule I and Schedule J calculations are as follows:

| Description | Dkt. 1 filed 1/13/20 | Dkt. 29 filed 2/28/20 | U.S. Trustee |
|---|---|---|---|
| Income: | | | |
| Gross income | 9,526 | 8,233.33 | 9,331.67 |
| Less, payroll deductions | 4,246 | 2,916.33 | 2,598.79 |
| | | | |
| Expenses: | | | |
| Rental or home ownership expenses of residence | 1,200 | 1,200 | 1,200 |
| Real estate taxes | 0 | 70 | 79 |
| Property, homeowner's or renter's insurance | 55 | 55 | 55 |
| Home maintenance, repair and upkeep expenses | 100 | 120 | 120 |
| Electricity, heat, natural gas | 175 | 175 | 175 |
| Water, sewer, garbage collection | 30 | 130 | 130 |
| Telephone, cell phone, internet, satellite, and cable | 414 | 400 | 400 |
| Other. Landscape snow removal | 0 | 50 | 50 |
| Food and housekeeping supplies | 900 | 800 | 550 |
| Clothing, laundry and dry cleaning | 150 | 100 | 100 |
| Personal care products and services | 100 | 100 | 100 |
| Medical and dental expenses | 100 | 100 | 100 |
| Transportation | 400 | 400 | 400 |
| Entertainment, clubs, recreation, newspapers, magazines, and books | 100 | 20 | 20 |
| Charitable contributions and religious donations | 100 | 20 | 20 |
| Life insurance | 0 | 0 | 0 |
| Vehicle insurance | 100 | 100 | 100 |
| Car payment | 0 | 300 | 300 |
| Payments of alimony, maintenance, and support that you did not report as deducted from pay | (deducted from income) | 1,420 | 1,200[3] |
| Other: Homeowner's association or condo dues | 100 | 100 | 0[4] |
| Other: Divorce and Civil legal fees – deloras & CBAILEY | 700 | 700 | 0 |
| Expense subtotal | 4,724 | 6,360 | 5,099.00 |
| | | | |
| TOTAL | 556 | (1,043) | 1,633.88 |

---

[3] The Debtor's monthly domestic support obligation amount is reduced after payment of his pre-petition arrearages.

[4] The Debtor has fully accounted for all CAM lease expenses in other categories and has demonstrated no additional expenses due under his lease.

11

51. According to the United States Trustee's calculations, the Debtor has more than sufficient income to fund a successful chapter 13 plan paying a 100% dividend to all of his creditors.

## RELIEF REQUESTED

52. Courts are split regarding whether a debtor who previously converted from chapter 13 to 7 has the right to re-convert back to chapter 13. *See, e.g.*, *In re Hardin*, 301 B.R. 298 (Bankr. C.D. Ill. 2003) (holding that § 706(a) bars re-conversion).

53. Rather than re-convert the Debtor's case back to chapter 13, the United States Trustee believes dismissal is appropriate and consents to same.

## CONCLUSION

54. The Debtor's chapter 7 bankruptcy case should be dismissed without entry of a discharge order.

For the reasons set forth above, the United States Trustee respectfully requests that this Court enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(2) and grant the United States Trustee any further relief the Court deems appropriate or equitable.

Dated: May 18, 2020                    Respectfully submitted,

                                       PATRICK S. LAYNG
                                       United States Trustee


                                By:    */s/ Brian P. Thill*
                                       BRIAN P. THILL
                                       Attorney for the United States Trustee

Office of the U.S. Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715
(608) 264-5522, extension 5646
Brian.P.Thill@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Notice and Motion to Dismiss were served via electronic mail by the Clerk's Office on: Trustee Bernard J. Natale and Attorney Gary N. Foley and by first class mail on May 18, 2020 to:

Osvaldo Amaro
1500 East Lincoln Highway, Suite 4
DeKalb, IL 60115

                                                                        /s/ April Wentz
                                                                        April Wentz,
                                                                        Legal Assistant for the United States Trustee